**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MICHAEL JAMES NISSEN,

        Petitioner,

vs.

                                                  No. CIV 21-0505 JB/SMV
                                                  No. CR 19-0077 JB

UNITED STATES OF AMERICA,

        Respondent.

<u>**MEMORANDUM OPINION AND ORDER**</u>

**THIS MATTER** comes before the Court, under rules 4(b) and 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, on: (i) Defendant Michael James Nissen's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, filed June 1, 2021 (CIV Doc. 1; CR Doc. 188)("2255 Motion"); and (ii) Nissen's Affidavit for Leave to Proceed In Forma Pauperis, filed June 1, 2021 (CIV Doc. 2)("IFP Motion"). For the reasons explained below, the Court will: (i) dismiss the 2255 Motion without prejudice as premature; (ii) deny the IFP Motion as moot; and (iii) deny Nissen's certificate of appealability.

Following a jury trial, a jury found Nissen guilty of two counts of Interstate Communication Containing Threat to Injure the Person of Another in violation 18 U.S.C. § 875(c). <u>See</u> Verdict, filed August 7, 2019 (CR Doc. 73). On June 1, 2021, Nissen filed the § 2255 Motion, arguing that he is "[b]eing denied due process of law and equal protection clauses of the Constitution." 2255 Motion at 4. Nissen seeks to "vacate void judgment for being denied due process of law." 2255 Motion at 12. The Court sentenced Nissen on June 18, 2021. <u>See</u> Notice of Sentencing Hearing, filed April 29, 20201 (CR Doc. 175)(text only entry).

28 U.S.C. § 2255 provides, in relevant part, as follows:

A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255(a). The one-year time period for filing a § 2255 motion does not begin to run until "[t]he date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). The Supreme Court of the United States of America has held that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003). If an appeal is filed, the district court is precluded "from considering a § 2255 motion while review of the direct appeal is still pending," absent the existence of extraordinary circumstances. United States. v. Cook, 997 F.2d 1312, 1319 (10th Cir. 1993). "If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct appeal." United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006).

Nissen's conviction is not final, judgment has not been entered, and he has not yet had an opportunity to file a direct appeal. See United States v. Folse, No. CIV 16-0196 JB/WPL, 2016 WL 1425828, at *1-2 (D.N.M. Mar. 31, 2016)(Browning, J.)(dismissing a defendant's § 2255 motion, because the defendant's "conviction is not final, because he has not been sentenced, judgment has not been entered, and he has not yet had an opportunity to file a direct appeal."). The Court will therefore dismiss as premature Nissen's § 2255 motion without prejudice. Next, the Court concludes that Nissen's IFP Motion is moot, because there is no filing fee for a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Last, Nissen's 2255 Motion is premature, because he has not made a substantial showing of the denial of a constitutional right,

as 28 U.S.C. § 2253(c)(2) requires. Accordingly, the Court will deny a certificate of appealability under rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**IT IS ORDERED** that: (i) Petitioner Michael James Nissen's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, filed June 1, 2021 (CIV Doc. 1; CR Doc. 188), is dismissed without prejudice; (ii) Nissen's Affidavit for Leave to Proceed In Forma Pauperis, filed June 1, 2021 (CIV Doc. 2), is denied as moot; and (iii) a certificate of appealability is denied; and (iv) the Court will enter final judgment.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel in No. CIV 21-0505 JB/SMV:*

Michael Nissen
Milan, New Mexico

    *Plaintiff Pro Se*

Fred J. Federici
  Acting United States Attorney
Paul Mysliwiec
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Respondent*

*Counsel in No. CR 19-0077 JB:*

Joe M. Romero, Jr.
Romero & Winder, PC
Albuquerque, New Mexico
    *Attorney for the Defendant Michael Nissen*

Fred J. Federici
    Acting United States Attorney
Alexander Mamoru Max Uballez
Jack Burkhead
Paul Mysliwiec
    Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

*Attorneys for the Plaintiff United States of America*